UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OHIO SECURITY INSURANCE COMPANY,

Plaintiff,

v. Case No: 2:25-cv-581-SPC-NPM

HARBOR FREIGHT TOOLS USA, INC.,

Defendant.

---

HARBOR FREIGHT TOOLS USA, INC.,

Third-Party Plaintiff,

v.

CANDU INVESTMENT, LLC,

Third-Party Defendant,

---

## OPINION AND ORDER

On August 5, 2026, the Court directed the parties to notify the Court whether the Amended Third-Party Complaint was moot after summary judgment motions on the issue of insurance coverage between Plaintiff Ohio Security Insurance Company ("Ohio Security") and Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") were resolved. (Doc. 82). Ohio Security,

Harbor Freight, and Third-Party Defendant Candu Investment, LLC ("Candu") filed responses. (Docs. 83, 84, 85).

As background, Harbor Freight was granted leave to file a third-party complaint after cross-motions for summary judgment were filed because Harbor Freight's indemnification theory did not appear futile, and its merits were best left for dispositive briefing "with Candu at the table." (Doc. 58 at 4). On March 4, 2026, the First Amended Third-Party Complaint was filed. (Doc. 59). On August 5, 2026, the Court granted summary judgment for Ohio Security, finding that Candu was an additional insured under the Everest Policy; that the Pappas claim arose from Harbor Freight's use of the premises; and that Harbor Freight must pay Ohio Security the amount remaining in the Self-Insured Retention ("SIR") Endorsement of the Everest Policy as the primary insurer. (Doc. 82). The Court also denied the Motion to Dismiss Amended Third-Party Complaint (Doc. 68) without prejudice to re-filing. (Doc. 82). The underlying case is otherwise resolved.

"The plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(3). When asserting a third-party claim, the party may also include "as many claims it has against an opposing party." Fed. R. Civ. P. 18(a). That said, "Rule 14(a) allows a defendant to assert a claim against any person not a party to the

main action only if that third person's liability on that claim is in some way *dependent upon the outcome of the main claim*. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987) (citations omitted) (emphasis added).

The First Amended Third-Party Complaint seeks a declaration that Candu must indemnify, defend, and hold harmless Harbor Freight for losses arising from the Pappas claim, and the action brought by Ohio Security, for reimbursement of the SIR under the Everest Policy, as well as for attorney's fees and costs under the Lease. Harbor Freight also alleges a breach of the Lease for failing to maintain the roof, including the soffits, resulting in damages. The motion to dismiss argued that the Third-Party Complaint failed to satisfy Rule 14.

Ohio Security argues that the third-party complaint is not technically moot, but that the case cannot proceed because the Court lacks jurisdiction. More specifically, "Harbor Freight, liable under the Everest Policy based on its Self-Insured Retention ("SIR"), cannot maintain an indemnity claim back against Candu for Candu's own successful insurance coverage claim (asserted by Ohio Security as subrogee)." (Doc. 83 at 2). Harbor Freight counters that the case is not moot because it can seek indemnification from Candu under the

Lease Agreement. Harbor Freight also asserts that the Lease Agreement allows Harbor Freight to shift the loss from the Pappas claim to Candu. Candu supports Ohio Security's position that this Court lacks jurisdiction and further argues that Ohio Security's excess coverage precludes reimbursement as damages for the alleged breach and that Harbor Freight has no damages from the Pappas claim that arose directly from the Lease Agreement.

The Amended Third-Party Complaint relies on the terms of the Lease Agreement, unlike the Complaint and Counterclaim, which required the Court to examine two insurance policies to determine coverage without considering fault for the underlying tort. The Court adjudicated the underlying claims by granting summary judgment, leaving only the third-party claims. The Court may decline to exercise supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Finding that the issues in the Third-Party Complaint are all that remain, and that they are independent of the original matter, the Court declines to exercise supplemental jurisdiction.

Accordingly, it is now

**ORDERED:**

1. The Court declines to maintain supplemental jurisdiction over the Amended Third-Party Complaint (Doc. 59), which is **DISMISSED without prejudice**.
2. Candu Investments need not comply with the Endorsed Order (Doc. 81) requiring responses to discovery requests.
3. The Clerk shall enter judgment pursuant to the Opinion and Order (Doc. 82), terminate all deadlines and the third-party complaint, and close the file.

**DONE and ORDERED** in Fort Myers, Florida, on August 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record