UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OHIO SECURITY INSURANCE COMPANY,

Plaintiff,

v. Case No: 2:25-cv-581-SPC-NPM

HARBOR FREIGHT TOOLS USA, INC.,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Award Prejudgment Interest (Doc. 93) seeking an award in the amount of $138,356.88, or to amend the judgment to include prejudgment interest. Defendant filed a response (Doc. 97) noting that Florida treats prejudgment interest as a type of damages and no money damages were awarded or made part of the judgment in this case.

Plaintiff Ohio Security Insurance Company ("Ohio Security") filed the Complaint seeking declarations that Harbor Freight Tools USA, Inc. ("Harbor Freight") should reimburse or contribute to the settlement of a personal injury claim filed by Stacy Pappas ("the Pappas claim") against the Landlord (Candu). Harbor Freight filed a Counterclaim also seeking declarations to the contrary. (Doc. 82 at 2).

On August 5, 2026, the Court granted summary judgment in favor of Ohio Security declaring "that Candu is an additional insured under Harbor Freight's liability insurance policy (the Everest Policy); the Pappas claim arose of Harbor Freight's use of the premises; coverage is not excluded under Florida State law; the Everest Policy is primary and Ohio Security is excess coverage;" and that Harbor Freight must pay Ohio Security the amount remaining in the Self-Insured Retention (SIR) Endorsement as reimbursement on the Pappas claim. (*Id.* at 30). An Amended Judgment was issued. (Doc. 89). No monetary damages were sought or awarded.

"Whether a successful claimant is entitled to prejudgment interest is a question of state law." *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996). "Florida endorses the 'loss theory' of prejudgment interest according to which prejudgment interest is 'merely another element of pecuniary damages.'" *Wiand v. Lee*, 753 F.3d 1194, 1204 (11th Cir. 2014) (citing *Argonaut Ins. Co. v. May Plumbing Co.,* 474 So. 2d 212, 214 (Fla. 1985)). Without a "fixed amount of damages," an award of interest is not appropriate. *Federated Nat'l Ins. Co. v. Bocinsky*, 334 So. 3d 384, 385 (Fla. Dist. Ct. App. 2022). "While an action in contract or tort may give rise to an award of damages and a concomitant prejudgment interest award, a suit for declaratory relief may award only rights, for which no prejudgment interest is available." *Sack v. Bamberg*, 81 So. 3d 610, 611 (Fla. Dist. Ct. App. 2012).

Both parties agree that prejudgment interest is "an element of damages." (Doc. 93 at 4; Doc. 97 at 3). Plaintiff argues that the judgment should be amended to include "the principal amount this Court ruled Harbor Freight must pay Ohio Security, plus the amount for pre-judgment interest." (Doc. 93 at 3–4). In this case, the Court declared that Harbor Freight's insurance company, Everest Indemnity Insurance Company,[1] was the primary insurer and therefore Harbor Freight was obligated to reimburse Ohio Security under equitable subrogation principles. No principal damages were awarded. So, the Court finds that Ohio Security is not entitled to prejudgment interest.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Award Prejudgment Interest (Doc. 93) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida, on September 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

[1] This Defendant was voluntarily dismissed with prejudice. (Doc. 51).